UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEULEFILS FLORENT, Plaintiff, v. CHRISTOPHER J. LAROSE, et al., Respondents. | Case No.: 26-cv-6283-RSH-GC **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On November 4, 2026, petitioner Dieulefils Florent filed, through counsel, a petition for writ of habeas corpus (the "Petition"). ECF No. 1. On November 12, 2026, the government filed a return opposing the Petition. ECF No. 4. Petitioner did not file a reply. For the reasons stated herein, the Court denies the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Haiti, was ordered removed in absentia on March 9, 2026. ECF No. 4-2 (Immigration Judge Removal Order). Petitioner filed a motion to reopen proceedings with the Board of Immigration Appeals ("BIA") on October 19, 2026. ECF No. 4-3. That motion remains pending before the BIA. The government acknowledged in its return that it is precluded from removing Petitioner to Haiti until the

BIA rules on Petitioner's motion to reopen pursuant to 8 C.F.R. § 1003.23(b)(4)(ii). ECF No. 4 at 2.

On November 4, 2026, Petitioner filed the instant Petition. ECF No. 1. In the Petition, he alleges three grounds for relief. In Ground One of the Petition, entitled "Fourth Amendment: Lawful Basis for the Initial Seizure and Arrest," Petitioner alleges that Department of Homeland Security ("DHS") officers violated his Fourth Amendment rights by stopping his vehicle without individualized suspicion. *Id.* at 3. Ground One, in its entirety, contains the following allegations:

> 14. A vehicle stop and intentional blocking of a motorist's movement implicate the Fourth Amendment. See Delaware v. Prouse, 440 U.S. 648, 653 (1979); Brower v. County of Inyo, 489 U.S. 593, 596–97 (1989). A brief immigration-investigative stop requires individualized reasonable suspicion based on specific, articulable facts existing before the seizure. Terry v. Ohio, 392 U.S. 1, 21–22 (1968); United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975); 8 C.F.R. § 287.8(b)(2).
>
> 15. Here, Petitioner describes officers following him after an ordinary bank visit, using two vehicles to block his movement near 37th Street, and immediately placing him in handcuffs. The intentional obstruction was not a consensual encounter. The Government must identify what the officers knew before blocking his vehicle, whether there was an outstanding arrest or removal warrant, and whether the seizure was based on facts particularized to Petitioner. The later discovery of an immigration violation cannot retroactively justify a stop lacking lawful grounds when initiated.
>
> 16. If officers made a warrantless civil immigration arrest under INA § 287(a)(2), 8 U.S.C. § 1357(a)(2), they must meet the statutory limitations, including reason to believe that Petitioner was in violation of immigration law and likely to escape before a warrant could be obtained. See also 8 C.F.R. § 287.8(c)(2)(ii). Petitioner reports no attempted escape. Conversely, if officers acted under an administrative arrest warrant or a final-order removal warrant, the Government should produce that document and establish its existence, applicability, timing, and manner of execution.

> 17. The sequence and intrusiveness of the stop warrant close scrutiny: why officers followed Petitioner; whether they observed any traffic violation or other basis for a seizure; the positions and movements of both vehicles; the moment Petitioner was not free to depart; and whether officers had warrant authority at that moment. Petitioner seeks preservation and limited production of Forms I-213, I-200 and I-205 (if any), issuance and service records, operation logs, dispatch records, body-worn or vehicle-camera footage if available, contemporaneous reports, and custody records.
>
> 18. Petitioner recognizes that even an unlawful initial seizure does not automatically terminate otherwise lawful post-order immigration detention or invalidate a final removal order. INS v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984). He challenges the initial seizure and asks the Court to determine, on an adequate record and within the scope of habeas jurisdiction, whether any illegality also renders his present custody unlawful. In the alternative, Petitioner requests leave to supplement the facts and pursue any additional remedy through the appropriate procedural vehicle.
>
> 19. Petitioner's sworn declaration should identify the Bank of America branch, approximate stop time, vehicle descriptions, officer identification, whether any warrant was shown, and the precise place of handcuffing. ***Until those facts and government records are supplied, Petitioner does not allege a separate warrantless vehicle search or claim the officers lacked any warrant as a proven fact.***

*Id.* ¶¶ 14–19. (emphasis added). In Ground Two, Petitioner suggests that his continued civil detention violates the Fifth Amendment under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* ¶¶ 20–23. But, similar to Claim One, Petitioner states that he "does not assert that his relatively recent October 2026 detention already satisfies the six-month temporal presumption discussed in Zadvydas," but rather that "[t]he narrower, present injury is the Government's failure to disclose the operative custody authority and whether the legally required custody process has been provided." *Id.* ¶ 23. Petitioner "seeks a reasoned explanation of why current detention remains necessary." *Id.* ¶ 22. In Ground Three, Petitioner seeks an order of this Court "requir[ing] the Government to acknowledge and

comply with the applicable statutory stay" "pending the Immigration Judge's disposition of a properly filed motion to rescind an in absentia removal order on the statutorily specified grounds." *Id.* ¶¶ 24, 26. Petitioner states that "[a] claim that the automatic stay is currently in force must therefore be conditioned upon obtaining a docket acknowledgment or other reliable proof of filing and continued pendency." *Id.* ¶ 25.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In Ground Two, Petitioner seems to primarily seek information. Petitioner requests the disclosure of the "operative custody authority and whether the legally required custody process has been provided." ECF No. 1 ¶ 23. The government explains in its return that Petitioner is detained pursuant to 8 U.S.C. § 1231(a). ECF No. 4 at 2. Petitioner expressly disclaims any *Zadvydas* claim based on prolonged detention pursuant to 8 U.S.C. § 1231(a). ECF No. 1 ¶ 23 ("Petitioner does not assert that his relatively recent October 2026 detention already satisfies the six-month temporal presumption discussed in Zadvydas."). Petitioner has not filed a reply or sought further disclosure or relief in connection with this claim. The Court finds that there is no further relief sought by Petitioner and Ground Two is moot.

In Ground Three, Petitioner seeks an order requiring the government to abide by the stay procedures in 8 U.S.C. § 1229a(b)(5)(C) "pending the Immigration Judge's disposition of a properly filed motion to rescind an in absentia removal order." *Id.* ¶ 24. The government has acknowledged in its return that it is bound by the automatic stay provision in 8 C.F.R. § 1003.23(b)(4)(ii) until the disposition of that motion. ECF No. 4 at 2. The Court declines to enter a further order, on a petition for writ of habeas corpus,

directing the government to comply with the applicable regulations relating to a stay of removal.

Lastly, in Ground One, Petitioner alleges that his arrest violated the Fourth Amendment.[1] Petitioner "recognizes that even an unlawful initial seizure does not automatically terminate otherwise lawful post-order immigration detention" and "asks the Court the determine . . . whether any illegality also renders his present custody unlawful." ECF No. 1 ¶ 18. Petitioner seeks immediate release from custody. *Id.* at 6. However, Petitioner cites no authority establishing entitlement to release for a Fourth Amendment violation. *See Quiroz v. Noem*, 2:26-cv-00813-DJH, 2026 WL 3553811, at *5 (D. Ariz. Oct. 6, 2026) (collecting cases and holding that a Fourth Amendment violation raised in a habeas petition cannot be the basis for immediate release); *Alene v. Warden of the Cal. City Det. Facility*, 1:26-cv-07355-JLT-FJS, 2026 WL 3082895, at *3 n.2 (E.D. Cal. Oct. 15, 2026) (declining to order immediate release or other relief as a remedy for an immigration arrest that violated the Fourth Amendment); *Reyes Blanca v. Mullin*, 2:26-cv-02487-TL, 2026 WL 2530404, at *3 (W.D. Wash. Aug. 27, 2026) (same). In addition, the final paragraph of Ground One seems to contemplate an additional filing by Petitioner that he has not made.

//

//

//

//

//

//

//

---

[1] Petitioner sought production of the arrest warrant justifying his arrest. ECF No. 1 at 3–4. The government produced a copy of Petitioner's arrest warrant. ECF No. 4-4. Petitioner has not challenged the sufficiency of that warrant.

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Hon. Robert S. Huie
United States District Judge